## 77880. COLEMAN v. THE STATE.
### (375 SE2d 663)

DEEN, Presiding Judge.

In July 1986 appellant Coleman was the sole passenger in an automobile which a State trooper stopped for speeding on Interstate 75 in Crisp County in south Georgia. It was discovered that the vehicle had been rented by appellant in Sarasota, Florida, and that the person driving had no license. Upon arrival at the Crisp County jail, the arresting officer requested and received appellant's permission to search the automobile, and an "Igloo" cooler containing 165 grams of powdered cocaine and 68 grams of "crack" cocaine were discovered under the hood. A strainer, copper spoons, and a can labeled "Mannitol" (a substance widely used for diluting cocaine but also used as a laxative) were found elsewhere in the car. Both Coleman and the driver were indicted and tried on two counts of trafficking in cocaine.

At trial appellant denied knowledge of the presence of either the cocaine or the cooler and alleged that other persons, including the driver/co-defendant, had had access to the automobile before it was driven into Georgia. The arresting officer testified, however, that at the time of the arrest the appellant had admitted that he knew the cooler was in the car and also that he "knew what the risks were of getting into a business like this." A jury found Coleman guilty on both counts, and the trial court merged the convictions for sentencing and ordered that appellant be imprisoned for twenty years and pay a $150,000 fine. On appeal Coleman enumerates eight errors. *Held:*

1. Coleman first alleges that the court erred in admitting into evidence a custodial statement, urging that failure to record the statement electronically violated the constitutional guarantees of due process, right to counsel, right to a fair trial, and right not to incriminate oneself. Although appellant's exposition of this point, based largely on an Alaska case interpreting a provision of that state's constitution (*Stephan v. State*, 711 P2d 1156 [Alaska, 1985]), is extremely interesting, we find that neither the Georgia Constitution nor the Constitution of the United States mandates such a procedure in the instant case. The trial transcript reveals that a *Jackson v. Denno* hearing was held and that the court found appellant's custodial statements to have been made freely, voluntarily, and without undue influence, compulsion, or duress. This enumeration has no merit.

2. Appellant next alleges that the trial court erred when once during the trial he referred to appellant, in the jurors' hearing, as "the prisoner at the bar." Such designation of an accused has been held not to be error. *Collier v. State*, 232 Ga. 282, 283 (206 SE2d 445) (1974); *Dortch v. State*, 158 Ga. App. 233, 234 (279 SE2d 526) (1981). This enumeration, also, is without merit.

3. Appellant enumerates as a third error the trial court's refusal

to permit defense counsel to question potential jurors during voir dire regarding their feelings towards appellant. When counsel asked one juror, "[W]hat are your feelings about Mr. Coleman right now?," the State objected that the question called for prejudgment of the case, and the court sustained the objection. The trial court has broad discretion as to what questions should be allowed on voir dire, and that discretion will not be disturbed absent abuse. *Wilcox v. State*, 250 Ga. 745, 749 (301 SE2d 251) (1983); *Ridgeway v. State*, 174 Ga. App. 663 (330 SE2d 916) (1985). This enumeration, too, is without merit.

4. Appellant further enumerates as error the prosecuting attorney's statement in closing argument: "[Y]ou heard Agent Whitaker's testimony, the only purpose he knows of . . . for Mannitol is to cut cocaine." Defense counsel objected that the witness had testified that Mannitol could also be used as a laxative, and the trial court instructed the jury to recall the testimony accurately. It is well settled that counsel has wide latitude on closing argument, including drawing deductions from the evidence. *Walker v. State*, 232 Ga. 33, 36 (205 SE2d 260) (1974); *Mitchum v. State*, 11 Ga. 615, 631 (1852). Moreover, immediately prior to mentioning Mannitol the prosecutor had mentioned the discovery of such items as the strainer and the spoons. In the context of the proximity of these items—as well as of the cocaine—to the Mannitol can, it was surely not unreasonable or unfair for the State to suggest that the Mannitol was there for the purpose of diluting the cocaine. This enumeration, too, is devoid of merit.

5. Appellant is correct in stating, in his fifth enumeration of error, that Georgia's Supreme Court has disapproved the challenged jury instruction on the presumption of truthfulness. *Noggle v. State*, 256 Ga. 383 (349 SE2d 175) (1986). What he does not state, however, is that the Supreme Court did not find its use to constitute reversible error. *Noggle*, supra. See also *Davis v. State*, 241 Ga. 376 (247 SE2d 45) (1978); *Ivie v. State*, 151 Ga. App. 496 (260 SE2d 543) (1979); *Cupp v. Naughten*, 414 U. S. 141 (94 SC 396, 38 LE2d 368) (1973). This enumeration has no merit.

6. In his seventh and eighth enumerations, appellant assigns error to the trial court's refusal to give two requested jury instructions, one on circumstantial evidence and the other on the "two theories" presented by the evidence. It is well settled that the trial court is not obligated to instruct the jury in the exact language requested and that, where the same principle of law is covered in another instruction, failure to give the requested charge is not error. *Caldwell v. State*, 167 Ga. App. 692, 695 (307 SE2d 511) (1983). Moreover, a jury charge equivalent to the requested "two theories" charge is required only when all the evidence is circumstantial. *Ennis v. State*, 130 Ga. App. 716 (204 SE2d 519) (1974). Scrutiny of the transcript clearly indicates that this case involved both direct and circumstantial evi-

dence and that the principle of circumstantial evidence was adequately covered in the court's charge to the jury. These enumerations have no merit.

7. In appellant's sixth enumeration he contends that the trial court erred in instructing the jury that the defendant could be found guilty as charged on Count I of the indictment if he had "actual or constructive possession" of cocaine. In Count I Coleman was charged with trafficking in cocaine by knowingly bringing into the state 28 grams or more of cocaine. See OCGA § 16-13-31 (a) (1). Prior to March 28, 1988 (a period which includes the time when the alleged offenses occurred), the word "actual" preceded the word "possession" in the cited subsection. Under *Lockwood v. State*, 257 Ga. 796 (364 SE2d 574) (1988), it was reversible error for the court to add the words "or constructive" to his charge, as this was not a correct statement of the law at the time of the offense. The conviction on Count I therefore cannot stand.

As to Count II, however, the jury was correctly instructed, and the conviction on that count was clearly authorized by the evidence. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). We find no merit in appellant's argument as to the confusion that might allegedly have spilled over from the incorrect charge in Count I. The trial court erred only with respect to Count I.

*Judgment affirmed in part and reversed in part. Carley and Sognier, JJ., concur.*

DECIDED NOVEMBER 21, 1988.

*Richard E. Thomas*, for appellant.
*John C. Pridgen, District Attorney*, for appellee.

