669 A.2d 394

COMMONWEALTH of Pennsylvania

v.

Andrew D. CRAFT, Appellant.

Superior Court of Pennsylvania.

Submitted June 28, 1995.

Filed Dec. 29, 1995.

Mark T. Aaron, Clarion, for appellant.

Gregory M. Bazylak, Assistant District Attorney, Brookville, for Commonwealth, appellee.

Before DEL SOLE, BECK and JOHNSON, JJ.

DEL SOLE, Judge:

The issue presented is whether Article I, Section 9 of the Constitution of the Commonwealth of Pennsylvania requires that confessions obtained while the defendant is in a custodial setting be memorialized, in their entirety, by a writing signed by the defendant or by audio recording.[1] We hold that the due process requirements of our constitution does not require the recording of custodial confessions.[2]

To facilitate a thorough analysis of a provision under the Pennsylvania Constitution, our supreme court strongly encourages litigants to address the following factors:

1) text of the Pennsylvania constitutional provision;

2) history of the provision, including Pennsylvania case-law;

3) related case-law from other states;

4) policy considerations, including unique issues of state and local concern, and applicability within modern Pennsylvania jurisprudence.

1.  While our distinguished colleague Judge Johnson is correct in stating that the issue was not included in an omnibus pre-trial motion nor in a pre-trial motion for suppression of evidence, the Appellant filed a motion to amend post-verdict motions raising the issue for the first time. The issue was addressed by the trial court, and, for that reason, we will address the issue on appeal to avoid a later PCRA claim.

2.  After hearing the testimony by a confidential informant that Appellant sold morphine to him in the informant's home, a jury found Appellant guilty of possession and delivery of a controlled substance.

*Commonwealth v. Edmunds,* 526 Pa. 374, 390, 586 A.2d 887, 895 (1991). Appellant complied with the four-pronged method of analysis set forth in *Edmunds.*[3] Accordingly, we shall begin our review.

Article I, Section 9 of the Pennsylvania Constitution provides as follows:

### § 9. Rights of accused in criminal prosecutions

In all criminal prosecutions the accused hath a right to be heard by himself and his counsel, to demand the nature and cause of the accusation against him, to meet the witnesses face to face, to have compulsory process for obtaining witnesses in his favor, and, in prosecutions by indictment or information, a speedy public trial by an impartial jury of the vicinage; he cannot be compelled to give evidence against himself, nor can he be deprived of his life, liberty or property, unless by the judgment of his peers or the law of the land. The use of a suppressed voluntary admission or voluntary confession to impeach the credibility of a person may be permitted and shall not be construed as compelling a person to give evidence against himself.

Even though the "law of the land" provision is the equivalent of the "due process" clause of the Fourteenth Amendment to the United States Constitution, *Commonwealth v. Chilcote,* 396 Pa.Super. 106, 578 A.2d 429 (1990), appeal denied, 527 Pa. 615, 590 A.2d 756 (1991), we are not bound by the conclusions of the United States Supreme Court. *Edmunds, supra.* We may provide broader protections as long as we abide by the minimum guarantees established by the federal constitution.

Appellant relies upon the caselaw of two of our sister states to support the proposition that Pennsylvania should impose a mandatory rule of audio recording or writing confessions. The Alaska Supreme Court in *Mallott v. State,* 608 P.2d 737 (Alaska 1980), announced that law enforcement officials must

3. Our supreme court recently noted that the failure of a litigant to present a constitutional claim as set forth in *Edmunds* is not fatal to the appeal, but the court continues to highly recommend use of the *Edmunds* format. *Commonwealth v. Swinehart,* 541 Pa. 500 ftn. 6, 664 A.2d 957 ftn. 6 (1995).

tape record, where feasible, any interrogation of persons accused of criminal offenses especially where it occurs in a custodial setting. In two subsequent 1980 cases, the Alaska Supreme Court noted the *"Mallott* rule" specifying that tape recording interrogations will greatly assist the courts when determining the circumstances of a confession or the waiver of a suspect's rights, *S.B. v. State,* 614 P.2d 786 (Alaska 1980), and that if *Miranda* warnings are read to a defendant, this should be recorded as well. *McMahan v. State,* 617 P.2d 494 (Alaska 1980), *cert. denied,* 454 U.S. 839, 102 S.Ct. 146, 70 L.Ed.2d 121 (1981).

Five years later, the Alaska Supreme Court commented in *Stephan v. State,* 711 P.2d 1156 (Alaska 1985) that law enforcement agencies and lower courts had failed to implement the *Mallott* rule possibly because it was not clearly stated that it was a requirement of state due process. To remove any ambiguity with respect to the *Mallott* rule, the court in *Stephan v. State* held that "an unexcused failure to electronically record a custodial interrogation conducted in a place of detention violates a suspect's right to due process, under the Alaska Constitution, and that any statement thus obtained is generally inadmissible" *Id.* 711 P.2d at 1158. The court reasoned that today a recording is a reasonable and necessary safeguard, essential to the adequate protection of the suspect's right to counsel, right against self incrimination, and right to a fair trial. Furthermore, a recording provides an objective means for evaluating the circumstances of a confession, and it will provide an accurate record especially for determining the voluntariness of the confession. A recording of an interrogation not only protects the accused, but it also protects law officers from false allegations of improper tactics or claims by the defendant of a violation of constitutional rights.

Similarly, the Supreme Court of Minnesota was also concerned about the failure of law officers to record custodial interrogations. The Minnesota Supreme Court in *State v. Robinson,* 427 N.W.2d 217 (Minn.1988) and *State v. Pilcher,* 472 N.W.2d 327 (Minn.1991) explained that if the police recorded the conversations between police and their suspects

and the events preceding those interrogations, many factual disputes regarding the denial of the defendant's constitutional rights would be eliminated, and the court commented that it would not look favorably upon any refusal to observe the court's admonitions. In a subsequent case, *State v. Scales*, 518 N.W.2d 587 (Minn.1994), the defendant claimed that by failing to preserve the entire interrogation, the police intentionally ignored the court's prior warnings, thereby denying his due process rights under the Minnesota Constitution. Although the Minnesota Supreme Court in *Scales* found the reasoning in *Stephan, supra*, to be noteworthy, the Court did not follow it and declined to determine whether under the Due Process Clause of the Minnesota Constitution a suspect has a right to have the interrogation recorded. Rather, the Court, exercising its supervisory power to ensure the fair administration of justice, held that "all custodial interrogation including any information about rights, any waiver of those rights, and all questioning shall be electronically recorded where feasible and must be recorded when questioning occurs at a place of detention." *Scales*, 518 N.W.2d at 592. Failure to comply with the recording requirement would result in the exclusion at trial of any statements a defendant made in response to police questioning. *Id.*

With the exception of Alaska and Minnesota, Appellant acknowledges that the majority of states who have considered the issue of requiring police to record interrogations decided not to adopt such a rule. See *Commonwealth v. Fryar*, 414 Mass. 732, 610 N.E.2d 903 (1993); *State v. James*, 858 P.2d 1012 (Utah App.1993); *People v. Raibon*, 843 P.2d 46 (Colo. App.1992); *State v. Spurgeon*, 63 Wash.App. 503, 820 P.2d 960 (1991); *State v. Rhoades*, 119 Idaho 594, 809 P.2d 455 (1991); *Gale v. State*, 792 P.2d 570 (Wyo.1990); *Jimenez v. State*, 105 Nev. 337, 775 P.2d 694 (1989); *People v. Everette*, 187 Ill. App.3d 1063, 135 Ill.Dec. 472, 543 N.E.2d 1040 (1989); *State v. Gorton*, 149 Vt. 602, 548 A.2d 419 (1988); *Williams v. State*, 522 So.2d 201 (Miss.1988); *Coleman v. State*, 189 Ga.App. 366, 375 S.E.2d 663 (1988). Alaska is the only Supreme Court to

interpret its constitution as requiring the preservation of custodial interrogations.

Appellant asserts that we should give life to the Pennsylvania Constitution and not allow "it to be chained to the procedures and technology of the past." (Appellant's brief at 18). Appellant proposes that since audio recording devices are inexpensive, municipalities should be required to purchase this equipment to unburden the judicial system from having to resolve the problems which arise from unrecorded interrogations. Additionally, he argues that the police only took excerpts from his statements during the interrogation, and, if this practice is permitted to continue, a defendant would be forced to take the stand to explain such "excerpted" confessions which is a violation of his Fifth Amendment right to remain silent and due process.

The United States Supreme Court has not been asked to determine whether the United States Constitution requires the recording of custodial interrogations as matter of due process. However, guidance is provided by the U.S. Supreme Court in *California v. Trombetta*, 467 U.S. 479, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984), where it considered the question of whether the Due Process Clause of the Fourteenth Amendment requires law enforcement agencies to preserve breath samples of persons charged with drunken driving in order for the results of the breath analysis tests to be admissible in criminal prosecutions. The Court found that the failure to preserve the breath samples for the defendants did not constitute a violation of the Federal Constitution.

This court in *Commonwealth v. Gamber*, 352 Pa.Super. 36, 506 A.2d 1324 (1986) and *Commonwealth v. Tillia*, 359 Pa.Super. 302, 518 A.2d 1246 (1986) was asked to determine whether it was a violation of defendants' due process rights under the Pennsylvania Constitution to destroy the breath sample used in the administration of a breathalyzer test. We applied the following criterion enunciated in *Trombetta*:

[T]he United States Supreme Court set forth the standard for determining when evidence is constitutionally material

so as to require its preservation for disclosure under *Brady* [4]. "[E]vidence must both possess an exculpatory value that was apparent before the evidence was destroyed, and also be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." *Id.* [*Trombetta,* 467 U.S.] at 489, 104 S.Ct. at 2534, 81 L.Ed.2d at 422.

*Gamber,* 352 Pa.Super. at 42, 506 A.2d at 1327–1328. We found that the results of the breathalyzer were inculpatory, not exculpatory, and that even without the test sample, defendant was still able to attack the reliability of the breathalyzer machine and the testing procedure. We also noted in *Gamber* that the Pennsylvania Constitution did not provide greater due process protection beyond that afforded by the Federal Constitution, and we concluded that the Commonwealth's failure to preserve the breath samples used in the breathalyzer tests did not violate the defendant's due process rights under the Pennsylvania Constitution.

■ Appellant's reliance upon *Stephan v. State, supra,* for the proposition that custodial interrogations should be recorded as a matter of constitutional due process is misplaced. Appellant recognizes that the Alaska Supreme Court in *Stephan* refused to apply the holding of the United States Supreme Court in *Trombetta;* however, the Alaska Supreme Court, citing *Trombetta,* acknowledged that recording custodial interrogations is not required by federal due process and it chose to interpret the due process clause of the Alaska Constitution, in that instance, as affording rights beyond those guaranteed by the United States Constitution. It is clear from a reading of *Gamber* and *Tillia* that our rule regarding the preservation of breath samples is consistent with the federal rule in *Trombetta.* The rule regarding breathalyzers controls the issue of recorded interrogations. We are unconvinced that a custodial interrogation must be recorded to adequately protect the accused's rights. We hold that custodial interrogations do not need to be recorded to satisfy the due process requirements of the Pennsylvania Constitution since a

4. *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

recording does not meet the standard of constitutional materiality set forth in *Trombetta* and which was followed by this court in *Tillia* and *Gamber.*

■ Appellant also claims that allowing the procedure of excerpted confessions to be culled from interrogations can impinge upon a defendant's Fifth Amendment right to remain silent. Appellant believes that a defendant would be forced to take the stand and be subjected to cross-examination to explain the fragments of his statements taken by police. For example, Appellant posits that a defendant should not be forced to explain the officer's quote of "... I did it ..." which was actually "I was out of town, I would tell you if I did it, and I have witnesses who can prove my alibi." This contention is unavailing. If a defendant waives the right to remain silent during a custodial interrogation, the defendant is informed that anything said may be used as evidence in a court of law. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). It is the defendant's responsibility to inform defense counsel if a statement, inculpatory or exculpatory, was made to police during questioning. Defense counsel could then follow pretrial discovery procedures and request the Commonwealth to disclose the officer's testimony regarding the defendant's statement. 42 Pa.R.Crim.P. 305. The defendant then has the option to file a motion to suppress the statement. Failure by the Commonwealth to disclose an exculpatory statement would violate *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) (suppression by prosecution of evidence favorable to an accused upon request violates due process where evidence is material either to guilt or to punishment, irrespective of good faith or bad faith of prosecution) and the Pennsylvania Rules of Criminal Procedure, warranting a new trial. See also *Commonwealth v. Green*, 536 Pa. 599, 640 A.2d 1242 (1994).

Further, the adoption of a rule requiring contemporaneous recording of custodial interrogation, for the reasons advanced by the Alaska and Minnesota Courts, to insure the proper administration of justice is one that either the Supreme Court or General Assembly should pronounce, not an intermediate

appellate court. Having concluded that the Constitution of the Commonwealth of Pennsylvania does not require contemporaneous recording of statements, we affirm.

Judgment of sentence affirmed.

BECK, J., concurs in the result.

JOHNSON, J., files a concurring opinion.

JOHNSON, Judge, concurring:

I concur that the judgment of sentence on this appeal must be affirmed, albeit for a different reason than that advanced by my distinguished colleague.

This case was submitted to a three-judge panel without benefit of oral argument. Often, in such a situation, questions pertaining to the proper resolution of the appeal have not undergone adequate examination or exposition at the time of submission. This is just such a case.

The sole issue presented in the Brief of the Appellant at 3, is as follows:

Whether the due process provisions of the Constitution of the Commonwealth of Pennsylvania require that confessions obtained while the defendant is present in a police station or place of detention be memorialized, in their entirety, by audio recording or a written document signed by the defendant?

While this may be an interesting question for contemplation by students of the law, it has not been properly raised, or preserved, in the case now before us. As an error-correcting court, we are generally limited to determining whether the trial judge has committed either an abuse of discretion or an error of law in the handling and disposition of a case. In this case, counsel for Andrew Craft did not file an omnibus pretrial motion for relief pursuant to Pa.R.Crim.P. 306. There was also no pretrial request for suppression of any evidence. In a Motion to Amend Post Verdict Motions filed October 5, 1994, Craft alleged in paragraph 4(d) thereof:

that the defendant was denied due process of law because the police did not tape record his alleged confession, or have him write out the alleged confession (T. p. 90 et seq.). However, during trial, there was no objection posed to any of the testimony of Pennsylvania State Police Corporal Steven Marshall relating to Craft's admissions. Transcript of Proceedings, December 22, 1993, at 60–81. There was no objection raised to the testimony of State Police Trooper Steven J. Szabo on the same subject matter. *Id.* at 97–101. Further, counsel made no motion to strike any of the officers' testimony.

Thus, the trial court was given no opportunity to rectify any alleged error at the time it was claimed to have been made. " '[A] party may not remain silent and take chances on a verdict and afterwards complain of matters which, if erroneous, the [trial court] would have corrected.' " *Commonwealth v. Clair,* 458 Pa. 418, 423, 326 A.2d 272, 274 (1974), quoting *Commonwealth v. Marlin,* 452 Pa. 380, 382, 305 A.2d 14, 16 (1973). Nor can a party allege basic and fundamental error to seek reversal on alleged errors not properly preserved in the trial court. *Id.* "In order to preserve an issue for review, it must be specifically raised at trial and in post-verdict motions." *Commonwealth v. Williams,* 537 Pa. 1, 21, 640 A.2d 1251, 1261 (1994), citing *Commonwealth v. Gravely,* 486 Pa. 194, 200, 404 A.2d 1296, 1298 (1979).

Craft has not claimed that the distinguished trial judge, the Honorable William L. Henry, has committed any error of law or abuse of discretion. However, if such a claim is deemed to be implicated in the brief submitted without argument to this Court, I would conclude that it has been waived and may not be reviewed by this Court. Accordingly, I would decline to consider the issue sought to be raised. I would affirm the judgment of sentence and leave for another day the consideration of the constitutional question belatedly posed by Craft's counsel.