J-E01005-14

2014 PA Super 221

COMMONWEALTH OF PENNSYLVANIA,

Appellee

v.

ROBERT MICHAEL PUGH,

Appellant

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 343 EDA 2012

Appeal from the Judgment of Sentence entered December 19, 2011
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0000303-2010.

BEFORE:  GANTMAN, P.J., FORD ELLIOT, P.J.E., BENDER, P.J.E., PANELLA,
DONOHUE, ALLEN, LAZARUS, MUNDY AND OLSON, JJ.

CONCURRING OPINION BY OLSON, J.:          **FILED OCTOBER 07, 2014**

I agree with the learned majority that we must affirm Appellant's

judgment of sentence.  However, I do not agree with the majority's analysis

with respect to Appellant's second and third issues raised on appeal.

Therefore, I write separately.

In his second issue on appeal, Appellant contends that the trial court

erred by limiting his examination of Raziel Alverio ("Alverio").[1]  Specifically,

Appellant argues that, "Defense counsel wished to inquire at trial only on the

issue of veracity with respect to [S.P.]'s representation at the medical center

that she was a virgin when that representation could not have been true

under any circumstance then existing."  Appellant's Brief at 42.  The learned

---

[1] At times, Alverio is identified as Rocky Alverio; however, his name is Raziel
Alverio.  **See** N.T., 9/15/11, at 3.

majority agrees with the trial court that Appellant's proposed examination of Alverio violated Pennsylvania's Rape Shield Law. *See* Majority Opinion, *ante* at 8-9. However, I do not believe that the Rape Shield Law is applicable in this case.

The Rape Shield Law provides that:

> Evidence of specific instances of the alleged victim's past sexual conduct, opinion evidence of the alleged victim's past sexual conduct, and reputation evidence of the alleged victim's past sexual conduct shall not be admissible in prosecutions under this chapter except evidence of the alleged victim's past sexual conduct with the defendant where consent of the alleged victim is at issue and such evidence is otherwise admissible pursuant to the rules of evidence.

18 Pa.C.S.A. § 3104(a). Our Supreme "Court [has] held that the statutory word **conduct** does not include prior sexual assaults and that evidence of prior sexual assaults is admissible as long as such evidence is relevant and material under the traditional rules of evidence." *Commonwealth v. Fink*, 791 A.2d 1235, 1241 (Pa. Super. 2002) (emphasis added; internal quotation marks and footnote omitted), *citing Commonwealth v. Johnson*, 638 A.2d 940, 942 (Pa. 1994); *see Commonwealth v. Holder*, 815 A.2d 1115, 1118-1119 (Pa. Super. 2003), *appeal denied*, 827 A.2d 430 (Pa. 2003) (citation omitted); *Commonwealth v. L.N.*, 787 A.2d 1064, 1069 (Pa. Super. 2001), *appeal denied*, 800 A.2d 931 (Pa. 2002) (citation omitted). In this case, any sexual contact between Alverio and S.P. was a sexual assault

as S.P. had yet to reach the age of consent.[2]  *See* 18 Pa.C.S.A. § 3122.1 (age of consent in Pennsylvania is 16); *Commonwealth v. Slocum*, 86 A.3d 272, 283 n.3 (Pa. Super. 2014) (same).  Accordingly, evidence of Alverio's sexual contact with S.P. is not "past sexual conduct" that is protected by the Rape Shield Law, and, therefore, the Rape Shield Law does not apply to this case.

Although the trial court's reliance on the Rape Shield Law was misplaced, its ultimate conclusion to bar further examination of Alverio regarding S.P.'s prior sexual history was correct.  As noted above, Appellant only sought to further examine Alverio to prove that S.P.'s statement at the medical center that she was a virgin was medically false.  *See* Appellant's Brief at 42.  The trial court permitted Alverio to be examined regarding the fact that he had sexual intercourse with S.P.  *See* N.T., 9/15/11, at 17.  Thus, the jury was made aware of the fact that Appellant was attempting to elicit.  Any further inquiry would have had no probative value and would have been highly prejudicial.  Thus, the evidence was properly excluded. *See* Pa.R.Evid. 403 ("[R]elevant[] evidence may be excluded if its probative value is outweighed by the danger of unfair prejudice[.]");[3] *see also*

---

[2] Alverio pled guilty to statutory sexual assault for the sexual contact between himself and S.P.  *See Commonwealth v. Alverio*, CP-45-CR-0000995-2010.

[3] The quoted text is that of the former Rule 403, which was in place at the time of Appellant's trial.  Effective March 18, 2013, former Rule 403 was
*(Footnote Continued Next Page)*

- 3 -

*Commonwealth v. Turner*, 73 A.3d 1283, 1286 n.5 (Pa. Super. 2013), *appeal denied*, 91 A.3d 162 (Pa. 2014) (citation omitted) ("[T]his Court may affirm a trial court's decision if it is correct on any basis".).

In his third issue on appeal, Appellant argues that the trial court erred by denying his requested jury instruction relating to the officer's credibility regarding the voluntariness of Appellant's confession given that it was not recorded. The learned majority concludes that the trial court "had adequately covered the issue in other instructions." Majority Opinion, *ante* at 10. My review of the jury charge reveals that, although the jury instructions discussed Appellant's confession, the credibility of witnesses and the consideration of evidence, the failure to record Appellant's custodial interrogation was not addressed. *See* N.T., 9/19/11, at 96-126. However, I ultimately agree that the trial court did not abuse its discretion in declining to charge the jury regarding the failure to record Appellant's custodial interrogation.

Appellant implicitly argues that the failure to record his custodial interrogation violated his right to due process. In *Commonwealth v. Harrell*, a panel of this Court held that the due process clause of the Pennsylvania Constitution does not require that custodial interrogations be recorded. 65 A.3d 420, 429 (Pa. Super. 2013), *citing Commonwealth v.*

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
rescinded and replaced with current Rule 403. *See* 43 Pa.B. 620 (Feb. 2, 2013).

***Craft***, 669 A.2d 394 (Pa. Super. 1995) (Del Sole, J. opinion announcing the judgment of the court). "The Fourteenth Amendment and Article I, § 9 of the Pennsylvania Constitution guarantee due process protections. Our Supreme Court has ruled that these provisions are essentially coextensive." ***Commonwealth v. Nase***, 2014 WL 4415061, *2 (Pa. Super. Sept. 9, 2014). (footnote and citation omitted). Thus, the question is whether recording is required under the Fourteenth Amendment of the United States Constitution.

There is no authority for the proposition that recording is required by the Fourteenth Amendment. The Alaska Supreme Court is the only court to have held that failure to record a custodial interrogation violates a defendant's right to due process; however, it did so based upon the Alaska Constitution's due process clause, and not the Fourteenth Amendment. ***Stephan v. Alaska***, 711 P.2d 1156, 1162-1165 (Alaska 1985). This issue has been litigated in courts throughout the country for at least three decades and not a single jurisdiction has held that recording is required by the Fourteenth Amendment. Federal Courts have similarly aligned themselves with this view. At least 11 United States Courts of Appeals have held that neither the Fifth nor Fourteenth Amendment requires that custodial interrogations be recorded.[4] ***See United States v. Meadows***, 571 F.3d

---

[4] The same due process requirements that apply to the states through the Fourteenth Amendment apply to the federal government through the Fifth
*(Footnote Continued Next Page)*

131, 147 (1st Cir. 2009); *United States v. Tykarsky*, 446 F.3d 458, 477 (3d Cir. 2006) ("Whatever the merits of the policy arguments in favor of requiring the recording of interrogations may be, it is clear that such recording is not mandated by the United States Constitution."); *United States v. Williams*, 446 F. App'x 587, 591 (4th Cir. 2011) (*per curiam*); *United States v. Cardenas*, 410 F.3d 287, 296 (5th Cir. 2005); *United States v. Smith*, 319 F. App'x 381, 384 (6th Cir. 2009) (*per curiam*); *United States v. Montgomery*, 390 F.3d 1013, 1017 (7th Cir. 2004); *United States v. Williams*, 429 F.3d 767, 772 (8th Cir. 2005); *United States v. Toscano-Padilla*, 996 F.2d 1229 (9th Cir. 1993) (table) (*per curiam*); *United States v. Zamudio*, 211 F.3d 1279 (10th Cir. 2000) (table); *United States v. Boston*, 249 F. App'x 807, 810 (11th Cir. 2007) (*per curiam*); *United States v. Yunis*, 859 F.2d 953, 961 (D.C. Cir. 1988).

In *Harrell*, this Court restated the law as it stood when *Craft* was decided, *i.e.*, only two states required custodial interrogations to be recorded.[5] *Harrell*, 65 A.3d at 429. The laws of our sister states have

---

*(Footnote Continued)* ————————————

Amendment. *Raditch v. United States*, 929 F.2d 478, 481 (9th Cir. 1991) (citation omitted).

[5] In addition to Alaska, the Minnesota Supreme Court required (and still requires) recording pursuant to its supervisory authority. *Minnesota v. Scales*, 518 N.W.2d 587, 591-592 (Minn. 1994).

changed significantly since **Craft**.[6]  Today, 24 states and the District of Columbia require the recording of custodial interrogations in certain circumstances and Vermont will begin requiring such recording in October 2015.[7]  **See Stephan**, 711 P.2d at 1162-1165; Ark.R.Crim.P. 4.7; Cal. Penal Code § 859.5; Conn. Gen. Stat. § 54-1o; D.C. Code § 5-116.01; 705 Ill.Comp.Stat. 405/5-401.5; 725 Ill.Comp.Stat. 5/103-2.1; Ind.R.Evid. 617; Me. Rev. Stat., title 25, § 2803-B(1)(K); Md. Code, Crim. Proc. § 2-402; Mich. Comp. Laws § 763.8; **Minnesota v. Scales**, 518 N.W.2d 587, 591-592 (Minn. 1994); Mo. Rev. Stat. ch. 590.700; Mont. Code § 46-4-408; Neb. Rev. Stat. § 29-4503; N.J.R.Crim.P. 3:17; N.M. Stat. § 29-1-16; N.C. Gen. Stat. § 15A-211; Ore. Rev. Stat. § 133.400; Tex. Code Crim. Proc., art.

---

[6] **See** Thomas P. Sullivan's *Compendium: Electronic Recording of Custodial Interrogations* (July 11, 2014), available at http://www.nacdl.org/WorkArea/DownloadAsset.aspx?id=33287&libID=33256 (last accessed Sept. 15, 2014).

[7] Each state differs with respect to the scope of its recording requirement. In some states, all custodial interrogations must be recorded.  Other states only require that a custodial interrogation be recorded if police are investigating certain enumerated offenses.  Furthermore, some states have certain exceptions to the recording requirement.  For example, some states do not require a custodial interrogation be recorded if the person being interrogated requests that the interrogation not be recorded.  As the exact nature of each state's recording requirements is immaterial to my analysis, I do not enumerate the nuances of each state's requirements.

38.22; Wis. Stat. § 968.073; *see also* 2014 Vt. Adv. Legis. Serv. 193 (effective Oct. 1, 2015).[8]

Although beginning next year, a majority of jurisdictions in the United States will require custodial interrogations to be recorded in certain circumstances, that does not alter my analysis of the discrete issue of whether the Fourteenth Amendment requires the recording of custodial interrogations. On that issue, states are unanimous that it does not.

The fact that the Fourteenth Amendment does not require the recording of custodial interrogations is not dispositive of whether the trial court abused its discretion in rejecting a jury instruction regarding the credibility to be accorded Appellant's unrecorded confession. No appellate court in this Commonwealth has addressed the issue of whether a trial court is required to give such an instruction when so requested by the defendant.

At least two states require a jury instruction upon request when an interrogation is not recorded. *Massachusetts v. DiGiambattista*, 813

---

[8] Appellant argues that Iowa, New Hampshire, and Massachusetts also mandate recording of custodial interrogations. Those three jurisdictions, however, have not implanted mandatory recording. *See Iowa v. Hajtic*, 724 N.W.2d 449, 456 (Iowa 2006) ("We believe electronic recording, particularly videotaping, of custodial interrogations should be encouraged, and we take this opportunity to do so."); *Massachusetts v. DiGiambattista*, 813 N.E.2d 516, 532-535 (Mass. 2004) (requiring a jury instruction be given if a custodial interrogation is not recorded); *New Hampshire v. Barnett*, 789 A.2d 629, 632-633 (N.H. 2001) ("[W]here the incomplete recording of an interrogation results in the exclusion of the tape recording itself, evidence gathered during the interrogation may still be admitted in alternative forms, subject to the usual rules of evidence.").

N.E.2d 516, 533 (Mass. 2004); N.J.R.Crim.P. 3:17(e). The instruction is required in Massachusetts, however, because failing to record an interrogation goes against the preferred procedure of the Supreme Judicial Court of Massachusetts. **DiGiambattista**, 813 N.E.2d at 533. Likewise, the failure to record an interrogation violates a rule of criminal procedure in New Jersey; thus, such an instruction has been mandated. In Pennsylvania; however, no statute, rule of court, or court decision mandates that custodial interrogations be recorded. Thus, the reasons that an instruction is appropriate in Massachusetts and New Jersey do not apply to Pennsylvania.

The proposed instruction submitted by Appellant instructs the jury that the failure to record an interrogation can be considered when determining the credibility of the police officer's testimony that the confession was voluntary. A criminal defendant is not entitled to a jury instruction regarding every single factor that may be considered when evaluating a witness' credibility. **See Commonwealth v. Stoltzfus**, 337 A.2d 873, 883 (Pa. 1975). The trial court could reasonably determine that, "To have given the charge requested would have given undue weight to a single factor in the jury's complex credibility analysis. Consequently, . . . the trial court acted within its discretion in rejecting the proposed instruction." **Commonwealth v. Powers**, 577 A.2d 194, 197 (Pa. Super. 1990).

Furthermore, if this Court were to require such an instruction upon request in all cases in which an interrogation was not recorded, it would

strongly suggest that such recording is mandatory. As noted below, that is not the job of this Court. As such, I conclude that the trial court did not abuse its discretion in declining to give Appellant's suggested instruction.

I also believe that one of the learned majority's footnotes may lead to confusion. The learned majority states that:

> Furthermore, we note that [Appellant] cites to no legal authority requiring instructions on the absence of recorded interrogations. Indeed, while acknowledging that recording such interrogations is not mandatory in Pennsylvania, Appellant invites us to create such a rule. Creation of such a rules and regulations, however, is a role reserved for the General Assembly, not the courts. Consequently, we decline Appellant's invitation.

Majority Opinion, *ante* at 10-11 n.10. I do not interpret this footnote as prohibiting a trial court from giving an instruction similar to that requested by Appellant in this case. Instead, the learned majority merely holds that there is no requirement that such an instruction be given. Accordingly, I believe that there is no legal prohibition to giving such an instruction if a trial court, in the exercise of its discretion, believes such an instruction is appropriate under the facts and circumstances of the case before it.

Furthermore, I must respectfully disagree with the learned majority's statement that only the General Assembly may create a rule requiring that custodial interrogations be recorded. As noted above, although a majority of states that have adopted such a rule have done so through the legislative process, one court of last resort has done so under its supervisory authority and three jurisdictions have done so through rulemaking authority. Thus,

such a rule can be promulgated by either our Supreme Court or our General Assembly, and not just our General Assembly. **See Harrell**, 65 A.3d at 450 (Donohue J. dissenting) (The "policy-based decision to compel recordation of all police interrogations is a step that we, as an intermediate appellate court, cannot take. Our legislature and our Supreme Court are empowered to do so.").

In sum, I believe that the Rape Shield Law is not applicable in this case; however, further examination of Alverio was properly excluded pursuant to Pennsylvania Rule of Evidence 403. I also believe that the jury charge did not address the failure to record Appellant's custodial interrogation; however, the trial court did not abuse its discretion in declining to give Appellant's suggested charge. Therefore, I concur in the result reached by the learned majority and agree that Appellant's judgment of sentence must be affirmed.

Judge Donohue joins this Concurring Opinion.