J-A23044-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PATRICIA H. DISANTI, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT R. DISANTI, | : | |
| | : | |
| Appellant | : | No. 99 WDA 2016 |

Appeal from the Order December 17, 2015
in the Court of Common Pleas of Allegheny County
Family Division at No(s): FD 99-02811-005

BEFORE: LAZARUS, STABILE, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:   **FILED NOVEMBER 1, 2016**

Robert R. DiSanti (Father) appeals from the order entered December 17, 2015, denying his "motion for judicial reassignment, and child support termination, and reparations." We affirm.

Because we write only for the benefit of the parties, a recitation of the factual and procedural history is unnecessary. Pertinent to this appeal, Father and Patricia H. DiSanti (Mother) were once married and are the parents to two minor children: J.D., born in March of 1999, and R.D., born in December of 2001 (Children). Father is required by court order to pay child support for Children. This obligation has been heavily-litigated, and Father has filed several appeals with this Court.

---

* Retired Senior Judge assigned to the Superior Court

Most recently, Father filed a motion for judicial reassignment, child support termination, and reparations.[1]  On December 17, 2015, after reviewing Father's motion and considering Father's contentions raised during oral argument, the trial court denied the motion.  Father timely filed a notice of appeal on January 15, 2016.[2]

Father raises the following issues on appeal.

1. Did the trial court commit an abuse of discretion and/or error of law by denying [F]ather's request to terminate [Father's] child support obligation?

2. Did the trial court commit an abuse of discretion and/or error of law by denying [F]ather's [] refund of all monies previously paid to PASCDU [Pennsylvania State Collection and Disbursement Unit] for child support?

3. Did the trial court commit an abuse of discretion and/or error of law when it failed to recuse itself?

Father's Brief at 6 (suggested answers omitted).[3]

We address Father's issues mindful of the following standard of review.

Appellate review of support matters is governed by an abuse of discretion standard.  When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground.  An abuse of discretion is [n]ot merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of

---

[1] This Court has not received a copy of the motion Appellant filed with the trial court.  Since its absence does not impede our review of the issues presented, we decline to remand for the completion of the record.

[2] Mother did not file a response brief.

[3] Although numbered, the majority of pages within Father's brief are numbered as page "1."  Accordingly, we have renumbered the pages.

partiality, prejudice, bias or ill-will, as shown by the evidence of record. The principal goal in child support matters is to serve the best interests of the children through the provision of reasonable expenses.

***R.K.J. v. S.P.K.***, 77 A.3d 33, 37 (Pa. Super. 2013) (citations and quotation marks omitted). ***See also Simmons v. Simmons***, 723 A.2d 221, 222 (Pa. Super. 1998) ("An abuse of discretion requires proof of more than a mere error in judgment, but rather evidence that the law was misapplied or overridden, or that the judgment was manifestly unreasonable or based on bias, ill will, prejudice, or partiality.").

First, Father avers the trial court abused its discretion by denying his request to terminate his child support obligation. Specifically, Father contends the trial court erred when it failed "to terminate [F]ather's child support [obligation] or in the alternative list[] [the case] for hearing to present facts and argument in support of [Father's] modification [and] termination issues[.]" Father's Brief at 10.

Other than a recitation of the standard of review and a bald assertion that the trial court abused its discretion, Father fails to set forth any argument as to why he is entitled to relief. The lack of argument set forth in Father's brief is fatal to his appeal of this issue. ***Bunt v. Pension Mortgage Associates, Inc.,*** 666 A.2d 1091, 1095 (Pa. Super. 1995) ((some citations removed) ("Pa.R.A.P. 2119(a) [] provides in relevant part that the argument shall be 'followed by such discussion and citation of authorities as are deemed pertinent.' Rule 2119 contains mandatory

provisions regarding the contents of briefs. We have held consistently, Arguments that are not appropriately developed are waived.")).

Even if we were to consider Father's issue to be properly preserved, we agree with the trial court that Father is not entitled to relief.

> Even if [Father's] motion were construed to be a petition for modification, he has failed to plead facts which would entitle him to a modification. [Father's] motion does not allege that he has experienced a material and substantial change in circumstances since the current order was entered. See Pa.R.C.P. 1910.19.2.

Trial Court Opinion, 3/16/2016, at 2 (unnecessary capitalization omitted). Accordingly, no relief is due.

Next, Father argues the trial court erred in denying his request for reparations for child support he had paid to PASCDU. Father contends he is entitled to this reimbursement because the trial court is in violation of the RICO act.[4] Appellant's Brief at 11. Succinctly stated, "[t]he basis of [Father's] request for termination/refund appears to be [Father's] allegation that since the Domestic Relations Office of the Family Division receives governmental funds to assist in the establishment and collection of child support, a conflict of interest exists which entitles [Father] to the relief sought." Trial Court Opinion, 3/16/2016, at 1.

Similar to Father's request for termination of his support obligation, his argument that he is entitled to reparations based on an alleged conflict of interest is equally unsupported by any case law or authority which would

---

[4] *See* 18 U.S.C. §§ 1961-1968, Raceteer Influence and Corrupt Organizations Act.

entitle him to relief. We decline to entertain Father's baseless allegations and further note that this Court is not the proper venue to resolve Father's issue concerning the government funding received by the domestic relations office. "As an error-correcting court, we are generally limited to determining whether the trial judge has committed either an abuse of discretion or an error of law in the handling and disposition of a case." *Commonwealth v. Craft*, 669 A.2d 394, 398 (Pa. Super. 1995).

Lastly, Father argues the trial court abused its discretion when it denied his request for reassignment after the judge presiding over his case took senior status. Additionally, in his brief to this Court, Father avers "the lower court committed a gross abuse of discretion and so many errors of law that it was unable to adjudicate a simple motion properly." Father's Brief at 13. Father goes on to argue that the trial court's "personal bias and prejudice[] against father is well documented in this case, [t]he 'one judge one family system is unconstitutional.'" *Id.*

"We review a trial court's decision to deny a motion to recuse for an abuse of discretion. Indeed, our review of a trial court's denial of a motion to recuse is exceptionally deferential. [W]e extend extreme deference to a trial court's decision not to recuse [.]" *In re A.D.*, 93 A.3d 888, 892 (Pa. Super. 2014) (quotations and citations removed). "In order to prevail, Father, as the party seeking recusal, must satisfy the burden 'to produce evidence establishing bias, prejudice or unfairness which raises a substantial

- 5 -

doubt as to the jurist's ability to preside impartially.'" ***Id.*** citing ***In re S.H.***, 879 A.2d 802, 808 (Pa. Super. 2005).

As stated *supra,* a copy of Father's motion, setting forth his reasons for requesting recusal was not received by this Court. While ordinarily unable to determine the merits of a particular issue without knowing what was raised below, we find the trial court's 1925(a) opinion informative. ***See*** Trial Court Opinion, 3/16/2016, at 1 ("In his motion, [Father] requested judicial reassignment because I (the judge assigned to his case for its entire 17 year history including numerous hearings and appeals) had taken senior status.").

We find that Father has woefully failed to meet his burden. Father does not make an argument that the trial judge's senior status created an inability for her to preside over his case with impartiality. Nor has he established that the lower court's new status evinces bias or prejudice towards Father.[5]

Father now attempts to argue for the first time that "the [trial] court committed a gross abuse of discretion and so many errors of law" and the court's "personal bias and prejudice[] against [Father] is well-documented." Father's Brief at 13. It is well settled that "[i]ssues not raised in the lower

---

[5] Notably, as correctly predicted by Judge Mulligan within her 1925(a) opinion, as a matter of course, Father's case has been reassigned to another judge within the Family Division. ***See*** Trial Court Opinion, 3/16/2016, at 2. This was confirmed by Father during argument, who indicated that a new judge had been assigned to his case.

court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). No relief is due.[6]

Accordingly, because we find no abuse of discretion, we affirm the trial court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/1/2016

---

[6] Even assuming *arguendo* that these claims were properly preserved, they would not entitle Father to relief. Father cites several instances he claims were evidence of bias or ill will towards him but fails to provide any context for these alleged incidents. Further, Father does not set forth how these "errors of law" are indicative of the trial court's failure or inability to preside over his case impartiality. As we decline the invitation to scour the record to support his position, we find he has failed to provide the necessary evidence to warrant relief from this Court. "In order to prevail, Father, as the party seeking recusal, must satisfy the burden". *In re A.D.,* 93 A.3d at 892. "Adverse rulings alone do not establish the requisite bias warranting recusal, especially where the rulings are legally proper." *Arnold v. Arnold*, 847 A.2d 674, 681 (Pa. Super. 2004).