J. S76004/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                       :           PENNSYLVANIA

             v.               :
                                        :

JAMAR LASHAWN TRAVILLION,     :       No. 1461 WDA 2013
                                         :

          Appellant     :


Appeal from the PCRA Order, August 19, 2013,
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0006704-2003


BEFORE: FORD ELLIOTT, P.J.E., PANELLA AND OLSON, JJ.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:     **FILED FEBRUARY 10, 2015**

Jamar Lashawn Travillion appeals, ***pro se***, from the order denying his

first petition for post-conviction relief filed pursuant to the Post Conviction

Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The facts, as summarized by a prior panel of this court on direct

appeal, are as follows:

> Debra Lynn Diodati was the manager of the
> Rainbow Apparel Store in Pittsburgh. She arrived at
> 9:30 a.m. to open the store after a snowstorm. As
> she approached the door, she saw a man in a winter
> jacket holding a manila folder in his left hand. In
> summary, the man told her to turn off the store's
> alarm, and forced her to the area of the cash
> registers where there was a safe. He put the folder
> down and took two envelopes containing a total of
> $200. After he took the money from the safe by the
> cash registers, he pushed Diodati toward her office,
> ripping a hinged door from the wall. He told her to
> open another safe, which she did. He took two bank

deposit bags containing over $6,000. He told her to unlock the back door so he could leave and got into a running car where there was a getaway driver.

Later, Diodati discovered the manila folder still on the floor. The police found several fingerprints on the folder and on papers inside the folder which matched Travillion's left hand. No other fingerprints, including one on the door ripped from its hinges, matched Travillion. Diodati described her robber as being in his early twenties, well spoken, five feet nine or ten inches tall, weighing about 160 pounds. Travillion is six foot one and weighs about one hundred and seventy pounds. Because he was wearing some kind of mask, Diodati could not identify his face. While the identification did not exactly match Travillion, it was close enough not to exclude him as well.

***Commonwealth v. Travillion***, No. 1773 WDA 2007, unpublished memorandum at 2 (Pa.Super. filed November 5, 2008).

Following a jury trial on December 18, 2006, appellant was found guilty of robbery. The Commonwealth filed notice to seek the mandatory minimum sentence, as this was appellant's second crime of violence. On January 3, 2007, appellant was sentenced to serve 10 to 20 years' imprisonment, which was to run consecutive to the sentence of life without parole appellant was then serving in a separate case.

Post-sentence motions were filed and denied by operation of law on August 29, 2007. Thomas Farrell, Esq., was appointed to represent appellant for purposes of appeal. A timely direct appeal was filed, and on November 5, 2008, a panel of this court affirmed judgment of sentence finding the evidence presented was sufficient to sustain his conviction. (***Id.***)

Appellant's petition for reargument was denied on January 12, 2009. On February 8, 2009, appellant filed a petition for allowance of appeal in the Pennsylvania Supreme Court; the petition was denied on July 7, 2009.

On May 21, 2010, appellant filed a timely *pro se* PCRA petition. Charles R. Pass, III, Esq., was appointed as counsel; and on January 10, 2011, Attorney Pass filed a motion to withdraw as counsel and a "no-merit letter" pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). On January 12, 2011, the PCRA court issued a notice of intent to dismiss the petition and counsel was permitted to withdraw. Thereafter, appellant filed two separate motions for extension of time so he could hire private counsel and/or amend his original PCRA petition; both extensions were granted. (Docket #40, 42.)[1]  Nothing further was filed on appellant's behalf, and on August 19, 2013, the PCRA court dismissed appellant's petition without a hearing.

On September 9, 2013, appellant filed a *pro se* notice of appeal and complied with the trial court's order to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P., Rule 1925(b), 42 Pa.C.S.A., and the trial court has filed an opinion.  The following issues have been presented on appeal:

---

[1] We also note that on August 5, 2011, appellant filed a third motion for extension of time.  The trial court did not expressly grant this motion but did not dismiss appellant's petition until August 19, 2013.  (Docket #45.)

> 1. Did the PCRA court err and/or violate Appellant's rights for denying relief in this post-conviction action without a hearing?
>
> 2. Did the PCRA court err and/or violate Appellant's rights for granting PCRA counsel leave to withdraw from this post-conviction action?
>
> 3. Did the PCRA court err and/or violate Appellant's rights for dismissing this post-conviction action without first disposing of the issues raised by one motion for extension of time to hire counsel and/or amend the original *pro se* petition?

Appellant's brief at 4.

> This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Halley***, 582 Pa. 164, 870 A.2d 795, 799 n. 2 (2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa.Super.2001).

***Commonwealth v. Turetsky***, 925 A.2d 876, 879 (Pa.Super. 2007), ***appeal denied***, 940 A.2d 365 (Pa. 2007). Further, to be eligible for relief, a petitioner must plead and prove by a preponderance of the evidence that "the allegation of error has not been previously litigated or waived." 42 Pa.C.S.A. § 9543(3).

Moreover,

> [t]he right to an evidentiary hearing on a post-conviction petition is not absolute. A hearing may be denied if a petitioner's claim is patently frivolous and is without a trace of support either in

> the record or from other evidence. A post-conviction petition may not be summarily dismissed, however, as "patently frivolous" when the facts alleged in the petition, if proven, would entitle the petitioner to relief.

*Commonwealth v. Granberry*, 644 A.2d 204, 208 (Pa.Super. 1994), citing

*Commonwealth v. Box*, 451 A.2d 252 (Pa.Super. 1982).

With respect to appellant's claims of ineffective assistance, we note that appellant is required to make the following showing in order to succeed with such a claim: (1) that the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) that, but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa.Super. 2010). The failure to satisfy any prong of this test will cause the entire claim to fail. *Commonwealth v. Daniels*, 947 A.2d 795, 798 (Pa.Super. 2008). Finally, counsel is presumed to be effective, and appellant has the burden of proving otherwise. *Commonwealth v. Pond*, 846 A.2d 699, 708 (Pa.Super. 2003).

Appellant first argues the PCRA court erred in dismissing his petition without an evidentiary hearing as his petition set forth "unresolved controversies of material fact." (Appellant's brief at 10-11.) Appellant claims that the Commonwealth committed a *Brady*[2] violation by concealing

---

[2] *Brady v. Maryland*, 373 U.S. 83 (1963).

- 5 -

certain fingerprint evidence and trial counsel was ineffective for failing to object. Specifically, appellant argues that the Commonwealth divulged there were other and/or smaller fingerprints on the manila folder found at the scene, and these would have been exculpatory since "the Commonwealth offer[ed] no eyewitness identification or substantial evidence that might reasonably individualize Appellant as the actor here any more than it would Joe Schmoe." (Appellant's brief at 20.)

In *Commonwealth v. Weiss*, 986 A.2d 808, 814-815 (Pa. 2009), our supreme court explained the law and standards to be applied in addressing a *Brady* claim. As the court noted, the United States Supreme Court in *Brady* held that due process is violated when the prosecution withholds evidence favorable to a defendant. *Id.* at 814. To establish a violation of *Brady*, a defendant is required to demonstrate: (1) the evidence was suppressed by the Commonwealth, either willfully or inadvertently; (2) the evidence was favorable to the defendant; and (3) the evidence was material, in that its omission resulted in prejudice to the defendant. *Commonwealth v. Dennis*, 17 A.3d 297, 308 (Pa. 2011); *Commonwealth v. Lambert*, 884 A.2d 848, 854 (Pa. 2005).

The burden rests with appellant to "prove, by reference to the record, that evidence was withheld or suppressed by the prosecution." *Commonwealth v. Paddy*, 15 A.3d 431, 451 (Pa. 2011). There is no *Brady* violation when the appellant knew or, with reasonable diligence,

could have uncovered the evidence in question, or when the evidence was available to the defense from non-governmental sources. *Paddy*, 15 A.3d at 451; *Lambert*, 884 A.2d at 856. The omission, once established, must be evaluated in the context of the entire record. *Commonwealth v. Green*, 640 A.2d 1242, 1245 (Pa. 1994). *Brady* does not require the disclosure of information "that is not exculpatory but might merely form the groundwork for possible arguments or defenses." *Paddy*, 15 A.3d at 450; *Lambert*, 884 A.2d at 856. Similarly, *Brady* does not require the prosecution to disclose "every fruitless lead" considered during the investigation of a crime. *Paddy*, 15 A.3d at 451; *Lambert*, 884 A.2d at 857.

Appellant's claim fails for a number of reasons. First, and most significantly, appellant fails to establish by reference to the record the existence of the specific material he claims was not disclosed. Second, he fails to demonstrate how he could not have ascertained the existence of "other fingerprints" or "smaller prints" appearing on the manila file folder. Appellant also fails to show that the alleged evidence was either material or exculpatory. Finally, appellant fails to establish that even if the alleged material was disclosed, a different verdict would have likely occurred, and therefore, there was no prejudice. As appellant's underlying claim is meritless, counsel could not be found to be ineffective. Hence, appellant is not entitled to relief.

Next, appellant argues that the PCRA court erred by granting appointed counsel's leave to withdraw. (Appellant's brief at 38.) The heart of his claim seems to be that counsel did not communicate with him before determining his issues were "wholly frivolous." (*Id.*) Appellant, however, was advised of his opportunity to respond to counsel's no-merit letter and address the merits of his contentions. Appellant's requests for additional time to retain private counsel were granted; neither a counseled response nor a *pro se* response was filed. We cannot find that the PCRA court erred by permitting Attorney Pass to withdraw and by relying on the no-merit letter. No relief is due.

The final issue presented is whether the PCRA court properly dismissed the petition without disposing of issues appellant stated he wished to raise in a motion for an extension of time to hire counsel and/or amend the original *pro se* petition. As stated, the PCRA court granted appellant two extensions of time.[3] In its Rule 1925(a) opinion, the PCRA court detailed why each of appellant's 16 claims were meritless. Appellant is not entitled to relief.

Order affirmed.

---

[3] Additionally, the PCRA court did not dismiss appellant's petition until August 19, 2013; appellant failed to file an amended petition or to obtain counsel for over two years.

J. S76004/14

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/10/2015