## Commonwealth v. Ford

*Robert Sauerman, district attorney's office,* for Commonwealth.

*Jason Vichinsky, public defender's office,* for defendant.

CHESLOCK, *J.,* August 8, 2005—On March 27, 2004, Brooke Garman (victim) accused defendant Tyreis Ford

of raping her at a nightclub known as "The Hoop" located on Main Street, Stroudsburg, Monroe County, Pennsylvania. On May 17, 2004, the Commonwealth filed its criminal information charging defendant as follows: rape by forcible compulsion, pursuant to 18 Pa.C.S. §3121(a)(1); rape by threat of forcible compulsion, pursuant to 18 Pa.C.S. §3121(a)(2); sexual assault, pursuant to 18 Pa.C.S. §3124(1); aggravated indecent assault without consent, pursuant to 18 Pa.C.S. §3125(a)(1); aggravated indecent assault by forcible compulsion, pursuant to 18 Pa.C.S. §3125(a)(2); indecent assault without consent of other, pursuant to 18 Pa.C.S. §3126(a)(1); indecent assault mental disease/defect, pursuant to 18 Pa.C.S. §3126(a)(2); involuntary deviate sexual intercourse by forcible compulsion, pursuant to 18 Pa.C.S. §3123(a)(1); involuntary deviate sexual intercourse by threat of forcible compulsion, pursuant to 18 Pa.C.S. §3123(a)(2); and public drunkenness, pursuant to 18 Pa.C.S. §5505. On January 11, 2005, defendant was found guilty, by a jury of his peers, of all charges except rape by forcible compulsion and rape by threat of forcible compulsion. On April 13, 2005, defendant was sentenced to a minimum period of 72 months to a maximum of 144 months in a state correctional facility for his conviction of involuntary deviate sexual intercourse by forcible compulsion. The sentence for the remaining charges (Counts 3, 4, 5, 6, 7, and 9) were merged into his conviction for involuntary deviate sexual intercourse by forcible compulsion and no further sentence was imposed. In regard to his conviction for public drunkenness, the defendant was ordered to pay a fine in the amount of $300. On April 25, 2005, defendant filed post-

trial motions in the nature of a motion for new trial. On May 23, 2005, a hearing was held on defendant's motion. On June 8, 2005, defendant filed his brief in support of post-trial motions. The Commonwealth has not filed a brief in opposition to the defendant's motion. We are now prepared to dispose of defendant's motion.

In his brief, defendant raises the following issues to be decided by the court:

(1) The trial court erred in admitting into evidence a telephone recording of defendant while he was in prison, which recording was used to impeach defendant's testimony;

(2) The trial court erred in admitting the wrongfully obtained telephone recordings into evidence;

(3) The trial court permitted the prosecution to improperly impeach defendant's testimony on collateral and immaterial matter;

(4) The verdict was against the weight of the evidence; and

(5) The evidence was insufficient to sustain the conviction.

We will first address the issue of whether it was error for the Commonwealth to impeach defendant's testimony with a telephone recording of defendant while he was in prison, which recording was not delivered to defendant during discovery. Defendant claims that the Commonwealth violated the Rules of Discovery such that a new trial is warranted. The provisions for disclosure of evidence by the Commonwealth are set out in Pa.R.Crim.P. 573, which provides in pertinent part:

"(1) *Mandatory:*

"In all court cases, on request by the defendant, and subject to any protective order which the Commonwealth might obtain under this rule, the Commonwealth shall disclose to the defendant's attorney all of the following requested items or information, provided they are material to the instant case. The Commonwealth shall, when applicable, permit the defendant's attorney to inspect and copy or photograph such items.

"(a) Any evidence favorable to the accused which is material either to guilt or to punishment, and is within the possession or control of the attorney for the Commonwealth; . . .

"(f) any tangible objects, including documents, photographs, fingerprints, or other tangible evidence; and

"(g) the transcripts and recordings of any electronic surveillance, and the authority by which the said transcripts and recordings were obtained.

"(2) *Discretionary with the court:*

"In all court cases, except as otherwise provided in Rule 230 (disclosure of testimony before investigating grand jury), if the defendant files a motion for pretrial discovery, the court may order the Commonwealth to allow the defendant's attorney to inspect and copy or photograph any of the following requested items, upon a showing that they are material to the preparation of the defense, and that the request is reasonable: . . .

"(iv) any other evidence specifically identified by the defendant, provided that the defendant can establish that its disclosure would be in the interests of justice." Pa.R.Crim.P. 573(B)(1)(a), (f), (g); (2)(iv).

As set forth above, it is mandatory that the Commonwealth disclose evidence which is material to either the guilt or to punishment, as well as the transcripts and recordings of any electronic surveillance, and the authority by which the said transcripts and recordings were obtained.

On May 17, 2004, counsel for defendant wrote to the prosecution requesting the disclosure of evidence pursuant to Pa.R.Crim.P. 573. When the requested information was not received, defendant filed a motion to compel disclosure of a complete copy of the SAFE nurse report and a request for a bill of particulars on June 9, 2004. An order was entered on June 28, 2004, requiring the Commonwealth to file a bill of particulars within one week and afford defense counsel an opportunity to inspect photographs and receive a copy of the result of the rape kit and all other relevant evidence, upon receipt thereof. On September 29, 2004, defendant filed a motion to compel inspection of the clothing worn by victim on the night in question. On October 4, 2004, by agreement of the Commonwealth and the defense, an order was entered directing that the clothing be made available to the defense within seven days. Thereafter, on October 8, 2004, defendant filed a motion to compel discovery, requesting the Commonwealth to provide the laboratory report regarding the rape kit and DNA tests. On October 12, 2004, an order was entered requiring the Commonwealth to provide the laboratory report regarding the rape kit and DNA tests within one business day.

Unknown to the defense, the Commonwealth requested and received an order, dated June 25, 2004, to obtain recordings of all telephone calls made by and to the de-

fendant from the date of his incarceration, except for telephone calls to defendant's attorney. The order, dated June 25, 2004, was sealed and not disclosed to defendant until January 11, 2005, during trial. (Stipulations filed May 23, 2005.) After the defendant testified at trial and the defense rested, the Commonwealth then produced a recording of a telephone call between the defendant and his cousin. Defendant objected to the recording being admitted into evidence due to the failure of the Commonwealth to produce the recording through discovery. The Commonwealth argued that the recording was for rebuttal purposes, *i.e.,* to impeach the testimony of defendant. Over defendant's objection, the recording was introduced into evidence and used to impeach defendant's testimony.

In support of his position, defendant cites the case of *Commonwealth v. Ulen,* 539 Pa. 51, 650 A.2d 416 (1994). In *Ulen,* the appellant was convicted, after a jury trial, of criminal attempt to deliver a controlled substance and unlawful possession of a controlled substance. On appeal, the appellant argued that the prosecution wrongfully withheld evidence which enhanced the credibility of another witness, whose credibility was questionable. The witness was in jail with appellant's companion, who was also charged with attempt to deliver a controlled substance and unlawful possession of a controlled substance. After the appellant testified and the defense rested, the witness testified that the appellant met with her upon her release from prison and promised to "take care of her" in exchange for stating that, while in jail, appellant's companion confessed that the drugs were hers and that appellant only supplied the syringe. A tape recording of

the conversation was made with the witness' consent but appellant was not aware of the tape until the prosecution offered it as rebuttal evidence. The trial court permitted the tape recording to be played to the jury as "rebuttal" evidence over the appellant's objection. The Supreme Court held that a new trial was warranted because the Commonwealth failed to disclose the tape recordings prior to trial. The *Ulen* court stated that "[t]he purpose of Rule 305[1] is to prevent trial by ambush which, of course, leads to a denial of due process." *Id.* at 59, 650 A.2d at 419.

In the case of *Commonwealth v. Green,* 536 Pa. 599, 640 A.2d 1242 (1994), the Pennsylvania Supreme Court reviewed a case in which the appellant was convicted of first-degree murder and sentenced to death. In *Green,* the facts elicited at trial indicate that the appellant entered the apartment of Richard Bower, a police officer in the City of Harrisburg, and took a set of car keys. After driving the car to a co-conspirators' house, the appellant and co-conspirator returned to Bower's apartment allegedly to commit burglary. Somehow the appellant and co-conspirator forced Bower into the trunk of the car, either before or after they fatally shot him in the head. The two then drove to the Borough of Northampton and removed Bower's body from the trunk. The appellant and co-conspirator drove to Virginia and abandoned the car. After stealing a van, the two drove to Florida where they were arrested. On appeal, appellant contended that the Commonwealth failed to disclose certain exculpatory evidence, *i.e.,* a statement made by a witness that the co-conspirator stated that she shot and killed Bower. Upon

---

1. Pa.R.Crim.P. 305 is now Pa.R.Crim.P. 573.

determining that the statement was *Brady* evidence which should have been disclosed to the appellant, the *Green* court stated that "[h]ad the defense been aware of Moser's statements, it may also have altered its trial strategy, especially in regard to appellant's decision not to testify since Moser's statements were consistent with appellant's own statements to the police." *Id.* at 606, 640 A.2d at 1245-46. Consequently, "the Commonwealth should exercise the utmost good faith to disclose to defendant all material evidence in its possession when faced with a mandatory discovery request." *Commonwealth v. Schwartz,* 419 Pa. Super. 251, 267, 615 A.2d 350, 358 (1992), *appeal denied,* 535 Pa. 617, 629 A.2d 1379 (1993) quoting *Commonwealth v. Thiel,* 323 Pa. Super. 92, 470 A.2d 145 (1983).

Instantly, the defendant testified at trial and after the defense rested, the Commonwealth disclosed the recording. The Pennsylvania Supreme Court has held that, "[t]he purpose of our discovery rules is to permit the parties in criminal matters to be prepared for trial; trial by ambush is contrary to the spirit and letter of those rules and will not be condoned." *Commonwealth v. Appel,* 547 Pa. 171, 204, 689 A.2d 891, 907 (1997). The case against the defendant hinged upon the credibility of the witnesses. Defendant claimed that he had consensual sex with the victim, however, the victim testified that she was raped. Defendant's decision to testify was based upon the evidence that had been disclosed prior to trial. Had the defendant been aware of the recorded conversation, he may not have testified. Disclosure of the recording prior to trial may have altered defendant's trial strategy, especially in regard to defendant's decision to testify at trial.

The fact that the recording was used as rebuttal evidence to impeach defendant's testimony does not relieve the Commonwealth from its obligation to disclose the recording during the discovery process. The Pennsylvania Supreme Court has held that to be entitled to a new trial for failure to disclose evidence which affects a witness' credibility, a demonstration that the reliability of the witness was determinative of guilt or innocence must be shown by the defendant. *Commonwealth v. Johnson,* 556 Pa. 216, 227, 727 A.2d 1089, 1094 (1999). In this case, the reliability of the defendant's testimony was crucial to his defense and his entire trial strategy.

Further, we believe that the continuing duty to disclose is clearly spelled out in Pa.R.Crim.P 573(D). The defendant's May 17, 2004 request for disclosure of evidence was sufficient to require the Commonwealth to disclose the recordings obtained as a result of the June 25, 2004 order. Moreover, we find that the recordings of defendant's conversations with his cousin constitute electronic surveillance as set forth in Pa. R.Crim.P. 573(B)(1)(g). Hence, in the interests of justice and fundamental fairness to the defendant, we will grant defendant a new trial.

In light of our decision to grant defendant a new trial, the other issues raised by defendant in his post-trial motions are moot. Accordingly, we enter the following order:

## ORDER

And now, August 8, 2005, upon consideration of defendant's post-trial motions, it is hereby ordered that defendant Tyreis Ford's motion for a new trial is granted.