J-S31041-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
KENNETH HOLMES :
:
Appellant : No. 1072 EDA 2022

Appeal from the PCRA Order Entered April 7, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0124354-1992

BEFORE: BOWES, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED SEPTEMBER 28, 2022**

Appellant Kenneth Holmes appeals from the Order entered in the Court of Common Pleas of Philadelphia County on April 7, 2022, denying his serial petition filed *pro se* pursuant to the Post Conviction relief Act (PCRA).[1] We affirm.

On December 16, 1992, following a non-jury trial, Appellant was convicted of first-degree murder, robbery, conspiracy, and possessing instruments of crime after he robbed a gas station and shot and killed the attendant. N.T., 12/14/92, at 14-16; 12/15/92, 37-123. The trial court sentenced Appellant on October 20, 1993, to life imprisonment for the murder conviction plus concurrent terms of four (4) years to ten (10) years and one (1) year to two (2) years in prison for the convictions of criminal conspiracy

_____

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.

and possession of an instrument of crime, respectively. Appellant also was sentenced to a consecutive term of ten (10) years to twenty (20) years in prison for the robbery conviction.

This Court affirmed Appellant's judgment of sentence on April 28, 1994, and the Pennsylvania Supreme Court denied his petition for allowance of appeal on September 20, 1994. *See Commonwealth v. Holmes*, 435 Pa.Super. 645, 645 A.2d 889 (Pa.Super. 1994), *appeal denied*, 538 Pa. 666, 649 A.2d 668 (1994).

From December of 1996, when he filed his first PCRA petition, to 2017, Appellant unsuccessfully litigated numerous collateral relief and *habeas corpus* petitions. On December 20, 2019, Appellant filed the instant PCRA petition, and on May 11, 2021, the Commonwealth filed a motion to dismiss the petition. On March 15, 2022, the PCRA court issued its notice of intent to dismiss the petition pursuant to Pa.R.Crim.P. 907, and on April 7, 2022, the court denied the petition as untimely.

Appellant timely filed a *pro se* notice of appeal on April 13, 2022. The PCRA court did not order Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b); however, the court filed its Rule 1925(a) Opinion on April 13, 2022.

In his brief, Appellant presents the following Statement of the Questions Involved:

Did the learned PCRA court commit an abuse of discretion by holding that appellant's PCRA petition was not timely filed because he presented evidence establishing that as an imprisoned individual he had no way to discover the newly discovered information and he filed his initial petition within 365 days of learning of the new exculpatory information?

Did the PCRA court commit an abuse of discretion by denying [A]ppellant's claim that his newly discovered evidence did not warrant a new trial?

Did the PCRA court commit an abuse of discretion by finding that [A]ppellant's Brady[2] claim did not warrant a new trial?

Did PCRA court committed an abuse of discretion when it failed to grant relief on [A]ppellant's layered ineffectiveness claim?

Should the PCRA court have granted appellant an evidentiary hearing based upon initial PCRA counsel's ineffectiveness of counsel?

Brief for Appellant at 3.

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). Where the record supports the PCRA court's findings of fact, they are binding on this Court. **Commonwealth v. Watkins**, 108 A.3d 692, 701 (Pa. 2014). We review the PCRA court's legal conclusions *de novo*. **Id.**

---

[2] **See Brady v. Maryland**, 373 U.S. 83 (1963).

- 3 -

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. (Frank) Chester*, 895 A.2d 520, 522 (Pa. 2006) (internal citations and quotation marks omitted) (overruled on other grounds by *Commonwealth v. Small*, 238 A.3d 1267 (Pa. 2020)).

Because timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether the instant PCRA petition was timely filed. *Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008). As stated previously, our Supreme Court denied allowance of a direct appeal on September 20, 1994. Thus, Appellant's judgment of sentence became final on December 19, 1994, upon expiration of the ninety (90) days to file a petition for writ of *certiorari* in the U.S. Supreme Court. *See* U.S.Sup.Ct.R. 13. Appellant filed the instant petition on December 20, 2019, twenty-five (25) later; therefore, it is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1). As such, Appellant bore the burden of pleading and proving the applicability of one of the three statutorily enumerated timeliness exceptions to establish jurisdiction over his

claims. ***Commonwealth v. Smallwood***, 155 A.3d 1054, 1060 (Pa.Super. 2017).

To invoke an exception, a petitioner must allege and prove, within the petition itself, one of the following:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). If a petition is untimely and no exception has been pled or proven, "the petition must be dismissed without a hearing." ***Commonwealth v. Perrin***, 947 A.2d 1284, 1285 (Pa. Super. 2008).

In his first two issues presented on appeal, Appellant purports to invoke the newly discovered fact exception to the PCRA's timeliness requirement under § 9545(b)(1)(ii). Pursuant to this provision, a petitioner must establish that the facts upon which the claim was predicated were unknown and could not have been ascertained by the exercise of due diligence. ***Commonwealth v. Cox***, 146 A.3d 221, 227 (Pa. 2016). Under the first prong, the focus "is on the newly discovered facts, **not on a newly discovered or newly willing**

**source for previously known facts**." ***Commonwealth v. Lopez***, 249 A.3d 993, 999 (Pa. 2021) (citation, quotation, and footnote omitted; emphasis in original). Discovering "yet another conduit for the same claim" does not "transform [the] latest source" into a "new fact" for purposes of the timeliness exception. ***Commonwealth v. Johnston***, 42 A.3d 1120, 1127-1128 (Pa.Super. 2012), *citing* ***Commonwealth v. Abu-Jamal***, 941 A.2d 1263 (Pa. 2008).

Regarding the second prong of the newly discovered fact analysis, due diligence "requires neither perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief." ***Commonwealth v. Smith***, 194 A.3d 126, 134 (Pa.Super. 2018), *appeal denied*, 208 A.3d 64 (2019) (citation and quotation omitted). A petitioner fails to establish due diligence where the current claim is predicated on the same facts that formed the basis of prior post-conviction petitions for collateral relief in federal or state court. ***See Lopez***, 249 A.3d at 999-1000; ***Cox***, 146 A.3d at 230 (rejecting petitioner's claim where his "initial attempt to obtain the ballistics evidence was made in his first PCRA petition, in connection with his claim that trial counsel was ineffective for failing to seek independent ballistics testing"); ***Commonwealth v. Maxwell***, 232 A.3d 739, 746 (Pa.Super. 2020)

(*en banc*) (rejecting claim where petitioner raised claims on a similar factual basis in three prior post-conviction filings within federal and state court).

Upon review, we conclude, as did the PCRA court, that Appellant has failed herein to demonstrate that his claim fell within the newly discovered fact exception because he has not satisfied either of the two prongs necessary to sustain his burden.

Initially, Appellant posits his codefendants committed perjury during his trial at the direction of the Commonwealth due to the prosecutor's failure to disclose that they had entered into plea deals in exchange for their testimony. However, Appellant has failed to show that the underlying facts supporting his claim were unknown to him. To the contrary, it was disclosed to him at trial that Appellant's codefendants would testify against Appellant in return for negotiated sentences of twenty (20) to forty (40) years in prison after pleading guilty to robbery and conspiracy to commit third-degree murder. N.T., 12/15/92, at 103. In fact, Appellant argued on direct appeal that his convictions were against the weight of the evidence by insisting his co-conspirators' testimony was not credible in light of their plea deals. As this Court explained:

> [Appellant] seeks a new trial on the basis that the verdict is against the weight of the evidence because Roane, Nicholson and Smith received concessions that were "so beneficial" in exchange for their testimony against him that they conformed their testimony to meet the expectations of the Commonwealth.
>
> ***

In the present case, Roane testified that after [Appellant] demanded and received the money from the attendant at gunpoint, [Appellant] shot him in the head. N.T., 12/15/92, at 46. Nicholson testified that [Appellant] stated, "I made that pussy get down on his knees, and I busted him." ***Id***. at 101. In exchange for their testimony, Roane and Nicholson received a negotiated sentence of 20 to 40 years, after pleading guilty to robbery and conspiracy to commit third degree murder. ***Id***. at 103. Steven Smith testified that [Appellant] admitted to him that he, [Appellant], robbed the gas station and shot the attendant. N.T., 12/16/92, at 24-25. In exchange for Smith's testimony, the Commonwealth promised not to request that he receive the mandatory minimum sentence in an unrelated robbery charge, but if convicted the court was free to impose whatever sentence it wished. ***Id***. at 32-33. These concessions do not appear to be "so beneficial" that the witnesses would feel compelled to conform their testimony to meet the expectations of the Commonwealth.

***Commonwealth v. Holmes***, No. 3479 Philadelphia 1993, unpublished

memorandum at 2-4. (Pa.Super. filed April 28, 1994).

Also, in its Opinion filed in response to Appellant's post-verdict motions,

the trial court stated the following:

[Appellant's] **specific argument** that the evidence is not sufficient because two of the witnesses were accomplices who were permitted to plead guilty has no merit. Defense counsel had the opportunity and did cross-examine both witnesses thoroughly as to their "deals" with the Commonwealth and any bias they might have as a result. Furthermore, the Commonwealth presented a third witness, Steven Smith, who testified that [Appellant[] bragged to him that he had done the killing at the Sunoco Station on the night in question.

Trial Court Opinion, filed 10/26/93, at 2 (emphasis added).

Furthermore, in when considering the merits of Appellant's first PCRA

petition, this Court observed:

The record reflects that Appellant's trial strategy was to show that the Commonwealth's witnesses, Nicholson and Roane, were

inherently untrustworthy because they had testified against Appellant in exchange for deals which permitted them to plead guilty to lesser crimes and, thus, avoid being subject to the death penalty.

*Commonwealth v. Holmes*, 171 EDA 1999, unpublished memorandum at 7. (Pa.Super. filed June 30, 2000).

Therefore, Appellant has failed to demonstrate that there were any new "facts" that would overcome the PCRA time-bar.

Additionally, Appellant failed to show that he acted with due diligence in bringing this claim. Despite his bald assertions that he learned about the alleged prosecutorial misconduct in 2019, the record reflects that Appellant was aware of the plea agreements at the time of his trial. Even if this were not the case, Appellant asserts he had a friend request the guilty plea colloquies of his codefendants in March or April of 2019. Brief for Appellant at 9-10. Significantly, Appellant never explains why he waited over twenty years to make this inquiry. Thus, he cannot prove that this information could not have been ascertained previously with due diligence.

In his third claim Appellant asserts he is entitled to relief in light of *Brady*, *supra*, because the prosecutor did not inform him of his codefendant's plea deals and used "perjured" and "coerced" testimony at trial. Brief for Appellant at 25-26. Appellant alleges he did not learn of this alleged prosecutorial misconduct until June 28, 2019. Specifically, Appellant argues he "presented credible alibi evidence and as noted, the [C]ommonwealth witnesses consisted of the actual perpetrators of felony murder whom [sic]

implicated [Appellant] based upon hidden favors afforded them by ADA Judith Rubino." Brief for Appellant at 26. In this regard, Appellant implicates the governmental interference exception to the PCRA time bar.

The governmental interference exception, § 9545(b)(1)(i), requires a petitioner to plead and prove: (1) the failure to raise the claim previously was the result of interference by government officials and (2) the information upon which the petitioner relies could not have been obtained earlier with the exercise of due diligence. *Commonwealth v. Williams*, 105 A.3d 1234, 1240 (Pa. 2014) ( citing *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008)).

It is well-settled that a prosecutor has the obligation under *Brady* to disclose all favorable evidence that is material to an accused's guilt or punishment. *See Commonwealth v. Bagnall*, 235 A.3d 1075, 1085 (Pa. 2020). To establish a *Brady* violation, a PCRA petitioner has the burden of proving that: "(1) the evidence at issue was favorable to the accused, either because it is exculpatory or because it impeaches; (2) the prosecution has suppressed the evidence, either willfully or inadvertently; and (3) the evidence was material, meaning that prejudice must have ensued." *Id*. at 1086 (citation omitted). Materiality requires the petitioner to show that the favorable evidence "could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." *Commonwealth*

***v. Natividad***, 200 A.3d 11, 26 (Pa. 2019) (citation and quotation marks omitted).

The assessment of materiality under ***Brady*** extends to the petitioner's ability to investigate alternate defense theories and formulate and present trial defenses, including evidence affecting the credibility of a witness. ***See Commonwealth v. Ly***, 980 A.2d 61, 76 (Pa. 2009); ***Commonwealth v. Green***, 640 A.2d 1242, 1245 (Pa. 1994). To be entitled to a new trial based on the Commonwealth's failure to disclose information relating to a witness's credibility, the petitioner must demonstrate that the reliability of the witness may well be determinative of his guilt or innocence. ***See Commonwealth v. Simpson***, 66 A.3d 253, 266 (Pa. 2013).

Appellant's assertion is based upon information the Commonwealth disclosed during trial; therefore, he cannot satisfy the elements necessary to prove a ***Brady*** violation. ***Bagnall***, ***supra***. Instead, Appellant essentially asks this Court to reweigh the evidence and reach a different result. This we cannot do. The trial court, sitting as the finder of fact, chose to believe the evidence presented by the Commonwealth and the logical inferences derived therefrom, as was its right. It was within the province of the trial judge as factfinder to resolve all issues of credibility, resolve any conflicts in evidence, make reasonable inferences from the evidence, believe all, none, or some of the evidence, and ultimately adjudge Appellant guilty. ***See Commonwealth v. Small***, 741 A.2d 666, 672 (Pa. 1999).

Appellant's final two issues raise claims of ineffective assistance of prior counsel in an attempt to satisfy the newly discovered fact exception to the PCRA time bar. However, our courts expressly have rejected attempts to utilize ineffective assistance of counsel claims as a means of escaping the jurisdictional time requirements for filing a PCRA petition. *See*, *e.g.*, ***Commonwealth v. Gamboa-Taylor***, 753 A.2d 785 (Pa. 2000) (claim of ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits).

In the instant PCRA petition, Appellant rehashes arguments he presented to no avail on direct appeal and in his first PCRA petition. Thus, any attempt to couch these claims in terms of ineffective assistance of counsel must fail. In light of the foregoing, we find Appellant has failed to satisfactorily invoke 42 Pa.C.S.A. § 9545(b)(1)(ii) in this regard as well.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/28/2022